**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

HAFAN ANTONIO RILEY,

        Petitioner,

        v.

NICOLE CHISOLM,

        Respondent.

CIVIL ACTION NO.: 2:25-cv-35

---

**REPORT AND RECOMMENDATION**

Petitioner Hafan Riley ("Riley"), who was incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1.  Respondent filed a Motion to Dismiss Riley's Petition, and Riley filed a Response. Docs. 12, 15.[1]  For the following reasons, I **RECOMMEND** the Court **GRANT in part** and **DENY in part** Respondent's Motion to Dismiss and **DISMISS without prejudice** Riley's Petition based on his failure to exhaust his administrative remedies.  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Riley *in forma pauperis* status on appeal.

**BACKGROUND**

Riley was convicted in the District Court for the District of South Carolina of conspiracy to possess with intent to distribute and distribution of a quantity of mixtures containing cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 and 846.  Doc. 12-1 at 7.  Riley was sentenced to 240 months in prison, which was later reduced to 228 months in prison. J. & Amended J.,

---

[1]    Riley's Response to the Motion to Dismiss is docketed as a Motion for FSA Credit.  Doc. 15.

United States v. Riley, Case No. 3:12-cr-251 (D.S.C. Nov. 25, 2013 & Aug. 12, 2022), ECF Nos. 134, 315.  Riley received an executive grant of clemency, calling for his sentence to expire on May 16, 2025, but leaving all other terms of his sentence and supervised release in place.  Id. ECF No. 368.  Riley was released to a halfway house on April 10, 2025, and was released from the Bureau of Prisons' ("BOP") custody on May 16, 2025.[2]  Doc. 12 at 2.

In his Petition, Riley asserts that the BOP intentionally failed to comply with the executive grant of clemency to deprive him of any meaningful First Step Act ("FSA") and good conduct credits.  Doc. 1 at 6.  Riley states his sentence was set to expire on May 16, 2025, but the BOP set his release date for May 16, 2026, and then gave him a year of credit against that date. Id.  If the BOP had properly calculated his release date, Riley contends he was to be immediately released from custody (i.e., immediate release at the time he filed his Petition on March 10, 2025).  Id. at 7.

Respondent asks this Court to dismiss Riley's Petition because Riley failed to exhaust his administrative remedies regarding the claim he raises in this Petition.  Doc. 12 at 2.  Respondent also states Riley has no liberty interest in FSA time credits and this Court lacks jurisdiction to review Riley's claims under the Administrative Procedures Act ("APA").  Id.

## DISCUSSION

### I.    The APA Does Not Bar This Court's Review of Riley's Claim

Riley states that the BOP recalculated his release date after then-President Biden granted him clemency to May 16, 2026, and then subtracted a year from this date to give Riley 365 days' credit without actually providing the credit or allowing him to benefit from this earned credit. Doc. 1 at 2.  Riley also states the BOP manipulated the information used to calculate his sentence

---

[2]    The BOP's inmate locator reveals Riley was no longer in BOP's custody as of May 16, 2025. https://www.bop.gov/inmateloc/, search using Riley's BOP number (last visited Mar. 3, 2026).

in a way that served to deprive him of his earned credits.  Riley states that the proper procedure should have been to consider the end of his sentence to be May 16, 2025, which is the date his sentence ended with the executive grant of clemency, and then provide Riley with his 365 days of credit.  Id. at 4.  He asks for the Court to order the BOP to properly calculate his release date.  Id. at 7.

Respondent contends this Court cannot review the administrative decision denying Riley the chance to redeem his FSA credits.  Doc. 12 at 7–8.  Respondent further states that the BOP has the discretion to award time credits under the FSA under 18 U.S.C. §§ 3621(h)(4) and 3625, and this discretion is not reviewable by the Court.  Id. at 9.

Under the APA, a petitioner may use habeas corpus to challenge a BOP action.  See 5 U.S.C. § 703.  However, in 18 U.S.C. § 3625, Congress specified the provisions of the APA governing judicial review, §§ 701–06, were inapplicable to "the making of any determination, decision, or order under" any provision of 18 U.S.C. §§ 3621 to 3626.  The Eleventh Circuit has explained § 3625 expressly precludes judicial review of agency adjudicative decisions but not rulemaking decisions, and courts generally lack jurisdiction because of § 3625 even in a § 2241 habeas action.  Cook v. Wiley, 208 F.3d 1314, 1319 (11th Cir. 2000); see also Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011) ("To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to [Title 18, Chapter 229, Subchapter C] would be inconsistent with the language of 18 U.S.C. § 3625."); Martin v. Gerlinski, 133 F.3d 1076, 1079 (8th Cir. 1998) ("[I]t is apparent that § 3625 precludes judicial review of agency adjudicative decisions but not of rulemaking decisions.").  Where Congress precludes judicial review of an agency decision by statute, judicial review of that decision is limited to whether the agency acted outside its statutory limits or violated the

Constitution.  See Webster v. Doe, 486 U.S. 592, 597, 603 (1988); Santiago-Lebron v. Fla. Parole Comm'n, 767 F. Supp. 2d 1340, 1351 (S.D. Fla. 2011); Paradis v. Keller, 2011 WL 2790480, *4 n.3 (N.D. Ga. June 13, 2011); Klatch v. Rathman, No. 1:13-CV-01452, 2014 WL 537021, at *11 (N.D. Ala. Feb. 10, 2014); see also Rodriguez v. Johns, Civil Action No. 5:17-cv-134, 2018 WL 4102854, at *2–3 (S.D. Ga. July 26, 2018), adopted by, 2018 WL 4100695 (S.D. Ga. Aug. 28, 2018).

Riley has implicitly stated that the BOP is not following the language of 18 U.S.C. § 3624(g)(2), i.e., the BOP is not applying the mandatory "shall" of this statute (eligible prisoners "shall" be placed in prerelease custody); see also 18 U.S.C. § 3632(d)(4) (An eligible prisoner "shall" earn time credits).  And Riley has explicitly stated that the BOP did not follow the executive order of clemency.  Doc. 1; Doc. 12-1 at 34, 39 (clemency grant directing the expiration of Riley's sentence to be May 16, 2025, and leaving intact any term of supervised release imposed by the sentencing court and all other components of the sentence).  There is at least a question of whether the BOP has acted outside its discretion in setting Riley's release date beyond the expiration date in the executive grant of clemency for May 16, 2025, and then not affording Riley the benefit of his earned credits under the FSA as of that date.  And Respondent does not appear to argue that Riley did not earn 365 days of credit or that Riley's release date was incorrectly calculated.  Accordingly, Riley's claim is one that falls outside of the BOP's discretionary acts and is, therefore, subject to judicial review.  Torres v. Jenkins, Civil Action No. 1:23-cv-2885, 2024 WL 6473642, at *3 (N.D. Ga. May 1, 2024) (recognizing § 3625 precludes judicial review of the BOP's discretionary determinations but noting the Eleventh Circuit has indicated a court can review a petitioner's claim that the BOP's interpretation of a statute is unreasonable and constitutional claims, despite the language of § 3625); see also

4

Briones-Pereyra v. Warden, Case No. 1:23-cv-01718, 2024 WL 4141380, at *2 (E.D. Cal. Sept. 12, 2024) ("Although a district court has no jurisdiction over discretionary designation decisions, it does have jurisdiction to decide whether the [BOP] acted contrary to established federal law, violated the Constitution, or *exceeded its statutory authority* when it acted pursuant to 18 U.S.C. § 3621." (emphasis in original) (quoting Rodriguez v. Copenhaver, 823 F.3d 1238, 1242 (9th Cir. 2016)); Woodley v. Warden, USP Leavenworth, Case No. 24-3053, 2024 WL 2260904, at *2–4 (D. Kan. May 15, 2024) (reviewing relative merits of petitioner's FSA claims under §§ 3624 and 3632 without mention of APA).

Riley contends that the BOP has not followed the mandatory language of the FSA and the executive grant of clemency and, as a result, he was not placed in pre-release custody earlier than he was, as § 3624(g) and § 3632 require.  See Woodley, 2024 WL 2260904, at *4 (noting, while the FSA requires transfer to pre-release custody for eligible prisoners, the BOP retains the discretion to decide the particular placement or facility); Williams v. Warden, FCI Berlin, 793 F. Supp. 3d 412, 418–19 (D.N.H. 2025) (citing Woodley favorably for the position the BOP does not have discretion to delay or refuse transfer of an eligible prisoner to pre-release custody).

Because Respondent has not shown that the APA precludes judicial review of Riley's claim, the Court should **DENY** this portion of Respondent's Motion.  However, even though the APA does not bar this Court's review of Riley's claims, as discussed in § II of this Report, he did not exhaust his available administrative remedies before filing his Petition.

**II.    Riley Did Not Exhaust His Available Administrative Remedies**

Respondent asserts that Riley submitted an administrative remedy request at the BP-9 level (Warden or institutional level) on March 17, 2025, which was denied on April 16, 2025. Id. at 4.  However, Respondent asserts Riley has yet to file any appeals at the BP-10 and BP-11 levels (Regional and Central Office levels), which are requisites step for exhaustion purposes.

Id.  Because Riley failed to complete this process, Respondent asserts his Petition should be dismissed.  Id.

Riley concedes he did not exhaust his administrative remedies because, "My claim if granted would result in my immediate release, thus I do not have the ability or available time to exhaust any appeal process[.]"  Doc. 1 at 2.  In his Response to the Motion to Dismiss, Riley claims he exhausted his remedies because the BOP "went past the 30 days to respond."  Doc. 15 at 1.  Liberally construing Riley's assertions, it appears that Riley is arguing that he should be excused from exhausting administrative remedies based on futility grounds.

**A.      Generally, a Petitioner Must Fully Exhaust All Available Administrative Remedies Before Filing a § 2241 Petition**

The Eleventh Circuit Court of Appeals has held a § 2241 petitioner's failure to exhaust administrative remedies is not a jurisdictional defect.  Riley-Lugo v. Warden, 785 F.3d 467, 474 (11th Cir. 2015); see also Fleming v. Warden of FCI Tallahassee, 631 F. App'x 840, 842 (11th Cir. 2015) ("[Section] 2241's exhaustion requirement was judicially imposed, not congressionally mandated, and . . . nothing in the statute itself support[s] the conclusion that the requirement [is] jurisdictional.").  Nevertheless, the Eleventh Circuit has noted "the exhaustion requirement [is] still a requirement and that courts cannot 'disregard a failure to exhaust . . . .'"  Fleming, 631 F. App'x at 842 (citing Riley-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015)).

Exhaustion of administrative remedies must occur first in the agency setting to allow "the agency [to] develop the necessary factual background upon which decisions should be based" and to give "the agency a chance to discover and correct its own errors."  Green v. Sec'y for Dep't of Corr., 212 F. App'x 869, 871 (11th Cir. 2006) (quoting Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998) (first alteration in original)).  Furthermore, requiring exhaustion in

the prison setting "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93 (2006).[3]

The United States Supreme Court has noted exhaustion must be "proper." Id. at 92. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90–91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

The Eleventh Circuit has explained—though only in an unpublished opinion—that a § 2241 petitioner need only exhaust "available" administrative remedies. Blevins v. FCI Hazelton Warden, 819 F. App'x 853, 856 (11th Cir. 2020) (citing Ross v. Blake, 578 U.S. 632 (2016)). As a result, a petitioner need not exhaust administrative remedies:

> (1) where despite what regulations or guidance materials may promise, the administrative process operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates, (2) where the administrative process is "so opaque that it becomes, practically speaking, incapable of use" because "no ordinary prisoner can discern or navigate it, and (3) where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.

Id. (cleaned up); see also Parra-Orona v. Jenkins, No. 1:23-CV-2434, 2024 WL 6083897, at *2 (N.D. Ga. Jan. 16, 2024) (citing Blevins and evaluating the unavailability of administrative remedies in the § 2241 context), adopted by, 2024 WL 6083898 (N.D. Ga. Mar. 26, 2024);

---

[3] Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

Ridling v. Yeager, No. 1:24-CV-01785, 2025 WL 1892707, at *3 (N.D. Ala. June 13, 2025) (same), adopted by, 2025 WL 1885636 (N.D. Ala. July 8, 2025).

Although a petitioner must ordinarily exhaust administrative remedies before filing a § 2241 petition, there are some circumstances where exhaustion may be excused. In McCarthy v. Madigan, the Supreme Court recognized "three broad sets of circumstances" that may justify excusing a claimant from exhausting administrative remedies: (1) when "requiring resort to the administrative remedy may occasion undue prejudice to subsequent assertion of a court action"; (2) when there is "some doubt as to whether the agency was empowered to grant effective relief"; and (3) when "the administrative body is shown to be biased or has otherwise predetermined the issue before it . . . ." 503 U.S. 140, 146–48 (1992) (internal quotation marks omitted), superseded by statute, 42 U.S.C. § 1997e(a). The Eleventh Circuit has not spoken directly on whether exhaustion can be excused in the § 2241 context under the three McCarthy circumstances but, in an unpublished opinion, has suggested it can be. See Shorter v. Warden, 803 F. App'x 332, 336 (11th Cir. 2020) (suggesting McCarthy should be applied to § 2241 petitions). District courts in this Circuit have similarly applied McCarthy in the § 2241 context. See, e.g., Wilson v. Sawyer, No. 4:20-CV-00326, 2020 WL 7346550, at *2 (N.D. Fla. Nov. 13, 2020), adopted by, 2020 WL 7342656 (N.D. Fla. Dec. 14, 2020); Robelo-Galo v. Janson, No. 1:24-CV-00931, 2025 WL 2093409, at *1 (N.D. Ga. Feb. 24, 2025), adopted by, 2025 WL 2093406 (N.D. Ga. Mar. 14, 2025).

There is some uncertainty about whether there is a "futility" exception to the exhaustion requirement for § 2241 petitioners. See Zapata-Molina v. Stone, No. CV 321-013, 2021 WL 2670725, at *2 (S.D. Ga. June 1, 2021) (noting it is unclear whether a futility exception exists in the § 2241 context), adopted by, 2021 WL 2673670 (S.D. Ga. June 29, 2021). McCarthy itself

suggests that the second and third circumstances identified in that case encompass futility. See McCarthy, 503 U.S. at 148 (noting that where an agency is not empowered to grant effective relief, seeking application for administrative relief may be "utterly futile" and that where a decisionmaker has already concluded rules were valid, seeking administrative remedies that would present same challenge to the same decisionmaker would be a "futile act"). Additionally, in Shorter, the Eleventh Circuit suggested that the petitioner's futility argument related to one of the three McCarthy circumstances. 803 F. App'x 336. District courts applying McCarthy have also recognized that the McCarthy circumstances likely encompass some futility exception. See, e.g., Jones v. Zenk, 495 F. Supp. 2d 1289, 1299–1300 (N.D. Ga. 2007) ("[T]he exceptions recognized in McCarthy, including the futility exception, apply to the exhaustion requirement in § 2241 cases."); Robelo-Galo, 2025 WL 2093409, at *2.

Thus, to the extent a petitioner demonstrates futility by showing the existence of one of the three circumstances described in McCarthy, a court may excuse the exhaustion requirement. There does not, however, appear to be any separate, independent futility exception, outside of the three McCarthy circumstances.[4] Where a petitioner relies on futility, the petitioner has the burden to demonstrate futility and "extraordinary circumstances." Jaimes v. United States, 168

---

[4] In McGee v. Warden, FDC Miami, the Eleventh Circuit expressly concluded that there is no futility exception to the exhaustion requirement for § 2241 petitions. 487 F. App'x 516, 518 (11th Cir. 2012). However, that conclusion was based on a view that exhaustion was a jurisdictional requirement, which was later rejected. Therefore, the conclusion about a futility requirement expressed in McGee is likely no longer correct. See Straughter v. Warden, FCC Coleman-Low, 699 F. Supp. 3d 1304, 1308 (M.D. Fla. 2023) (explaining that the conclusion in McGee likely did not survive Santiago-Lugo v. Warden, 785 F.3d 467, 474 (11th Cir. 2015)).

Some courts have continued to state there is no futility exception to the exhaustion requirement for § 2241 petitioners. See, e.g., Martinez-Palmero v. Jenkins, No. 1:23-CV-2763, 2023 WL 12119160, at *2 (N.D. Ga. Nov. 17, 2023), adopted by, 2024 WL 6081629 (N.D. Ga. Feb. 27, 2024); Moore v. Colon, No. 20-22032, 2020 WL 5868179, at *4 (S.D. Fla. July 27, 2020), adopted by, 2020 WL 5848687 (S.D. Fla. Sept. 30, 2020). However, that view appears to be largely based on the language in McGee, which, after Santiago-Lupo, is likely no longer binding.

F. App'x 356, 359 & n.4 (11th Cir. 2006). The Eleventh Circuit has noted "a petitioner need not exhaust his administrative remedies 'where the administrative remedy will not provide relief commensurate with the claim.'" Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001) (quoting Haitian Refugee Ctr., Inc. v. Nelson, 872 F.2d 1555, 1561 (11th Cir. 1989)), abrogation on other grounds recognized by Santiago-Lugo, 785 F.3d at 475 n.5.

**B.    Legal Framework for Evaluating a Motion to Dismiss for Failure to Exhaust Administrative Remedies**

"Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because exhaustion "ordinarily does not deal with the merits" of a particular cause of action. Bryant, 530 F.3d at 1374 (internal punctuation and citation omitted). Further, a judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id. In these instances, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Id. at 1376.

A respondent may raise an inmate-petitioner's failure to exhaust as an affirmative defense. See Jones, 549 U.S. at 216; Pearson v. Taylor, 665 F. App'x 858, 867 (11th Cir. 2016); Whatley I, 802 F.3d at 1209. When so raised, "[respondents] bear the burden of proving that the [petitioner] failed to exhaust his administrative remedies." Pearson, 665 F. App'x at 867 (quoting Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008)); see also Trevari v. Robert A. Deyton Det. Ctr., 729 F. App'x 748, 752; White v. Berger, 709 F. App'x 532, 541 (11th Cir. 2017); Dimanche v. Brown, 783 F.3d 1204, 1210 (11th Cir. 2015); Turner, 541 F.3d at 1082.

10

In Turner, the Eleventh Circuit laid out a two-part test for resolving motions to dismiss for failure to exhaust administrative remedies.[5]  541 F.3d at 1082.  First, courts "look[] to the factual allegations in the [respondent's] motion to dismiss and those in the [petitioner's] response, and if they conflict, takes the [petitioner's] version of the facts as true."  Id.; see also Bracero v. Sec'y, Fla. Dep't of Corr., No 17-14278, 2018 WL 3861351, at *1 (11th Cir. 2018). This prong of the Turner test assesses whether there is a genuine dispute of material fact regarding the [petitioner's] failure to exhaust.  Glenn v. Smith, 706 F. App'x 561, 563–64 (11th Cir. 2017) (citing Turner, 541 F.3d at 1082); Pavao, 679 F. App'x at 824.  "The court should dismiss [the action] if the facts as stated by the prisoner show a failure to exhaust."  Abram, 759 F. App'x at 860 (quoting Whatley I, 802 F.3d at 1209); Turner, 541 F.3d at 1082 ("This process is analogous to judgment on the pleadings under Federal Rule of Civil Procedure 12(c).").

"If the complaint is not subject to dismissal at the first step, where the [petitioner's] allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion."  Turner, 541 F.3d at 1082; see also Glenn, 706 F. App'x at 563–64; Pearson, 665 F. App'x at 867 ("At the second step, the court [is] permitted to make factual findings to resolve the issue of exhaustion.").  After resolving the factual disputes, the court then decides whether, "based on those findings, [respondent has] shown a failure to exhaust."  Bracero, 2018 WL 3861351, at *1 (quoting Whatley I, 802 F.3d at 1209).  Once respondents have shown an administrative remedies procedure exists and the petitioner did not follow the procedure, the petitioner "bears the burden of proving the . . .

---

[5]    Although Turner involved exhaustion requirements within the context of a 42 U.S.C. § 1983 action, it appears the two-step process set forth in Turner is no less applicable to a § 2241 proceeding. See McCoy v. Glidewell, Civil Action No. 4:11-cv-1683, 2012 WL 3716872, at *5 (D.S.C. June 18, 2012) (noting § 2241's exhaustion requirements and Turner's application of exhaustion standards to a § 2241 petition); Blevins v. FCI Hazelton Warden, 819 F. App'x at 856 (11th Cir. 2020) (applying Turner in the § 2241 context).

11

procedure effectively was unavailable to him." Nuckles v. Yeager, Case No. 1:25-cv-00125, 2025 WL 1490057, at *4 (N.D. Ala. May 22, 2025) (referencing Geter v. Baldwin State Prison, 974 F.3d 1348, 1356 (11th Cir. 2020)).

Additionally, "[w]hen ruling on a motion to dismiss for failure to exhaust administrative remedies, the court may consider evidence outside the pleadings." Berger, 709 F. App'x at 541 n.4 (citing Bryant, 530 F.3d at 1376); Glenn, 706 F. App'x at 563–64; Singleton v. Dep't of Corr., 323 F. App'x 783, 785 (11th Cir. 2009) (citing Bryant, 530 F.3d at 1376) ("A district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record."). However, if the issue of exhaustion is "intertwined with the merits of a claim that falls under the Seventh Amendment," parties are entitled to a jury trial on that issue and dismissal is not appropriate. Perttu v. Richards, 605 U.S. 460, 468 (2025).

### C.    The BOP's Administrative Remedies Procedures

The BOP has established an administrative remedy procedure through which an inmate may seek review of an issue related to any aspect of his imprisonment. 28 C.F.R. § 542.10 *et seq*. The Administrative Remedy Program applies to all inmates incarcerated in penal institutions the BOP operates. Id. § 542.10(b). Under the applicable Regulations, an inmate must generally first seek to resolve an issue of concern informally by presenting the issue to correctional staff at the local facility ("BP-8"). Id. § 542.13(a). If this does not resolve the matter, an inmate must submit a formal written administrative remedy request to the Warden ("BP-9") within 20 calendar days of the incident giving rise to the administrative remedy request. Id. § 542.14(a). If unsatisfied with the Warden's response, an inmate may appeal with the Regional Director ("BP-10") within 20 days of the Warden's response. Id. § 542.15(a). If

dissatisfied with the Regional Director's response, an inmate may take a final appeal ("BP-11") to the BOP's Central Office, Office of General Counsel in Washington, D.C., within 30 days of when the Regional Director signed the response.  Id.  Appeal to the BOP's Central Office is the final step in the BOP's administrative remedy process.  Id.

An inmate must complete all the steps in the administrative remedies process to have exhausted his administrative remedies.  A submission at any of these levels can be rejected, with notice to the inmate why the submission was rejected and, if correctable, to allow the inmate a reasonable time for re-submission.  Id. § 542.17(b).  Additionally, if an inmate does not receive a response within the allotted time for response at any level, including any extensions, the inmate is to consider the lack of a response to be a denial at that level.  Id. § 542.18.  The BOP uses a system known as "SENTRY to log and track inmate [remedies requests] as they progress through the administrative remedy process."  Jackson v. Gabby, Case No. 3:23-cv-4674, 2024 WL 1515703, at *4 (N.D. Fla. Feb. 28, 2024).

**D.      Analysis of Riley's Efforts at Exhaustion**

As noted, Respondent contends that Riley did not exhaust his administrative remedies before he filed this Petition.  Doc. 12 at 4.  Indeed, Riley freely admits he did not exhaust his administrative remedies prior to filing his § 2241 Petition.  Doc. 1 at 2; Doc. 15 at 1.  Riley states there was no time to appeal, doc. 1 at 2.  Riley also states that the BOP took longer than the allotted time to respond, so that means he exhausted his remedies.  Doc. 15 at 1.  Respondent notes Riley filed Administrative Remedy Number 1233338-F1 (BP-9-Warden level) on March 17, 2025, and his remedy was denied on April 16, 2025; Riley did not appeal the denial to the BP-10 or BP-11 levels.  Doc. 12-1 at 4.

13

Thus, the parties' assertions do not create a genuine dispute as to Riley's failure to exhaust his administrative remedies, and Riley's Petition is due to be dismissed. Accepting Riley's assertion as true, which the Court must, the only conclusion is that Riley did not exhaust his administrative remedies before he filed his Petition.

In support of this Motion, Respondent submitted the declaration of McCall Young, an attorney-advisor with the BOP and a printout of Riley's SENTRY records. Doc. 12-1 at 2–4, 57–62. Ms. Young sets forth the BOP's administrative remedies procedure and notes that Riley has failed to file any appeals relating to the claim he raises in this Petition. Id. at 2–3. The SENTRY printout for Riley shows that he filed Administrative Remedy Request 1233338-F1 on March 17, 2025, regarding his sentence computation. Id. at 62. The Warden denied Riley's remedy request at the BP-9 level on April 16, 2025,[6] and Riley did not appeal the denial of this request. Id. The submitted evidence demonstrates that a remedies process exists and that Riley began, but did not fully complete, the administrative remedies process for the claim he raises in his Petition.

The Court again notes Riley's contention that requiring him to exhaust would be futile because he "did not have time" to exhaust. However, as discussed above, the Court does not recognize a futility exception for exhaustion purposes, even when, as here, a petitioner's purported release is imminent or the date for purported release has passed. Tivalo v. Warden, USP Atlanta, CV 322-134, 022 WL 18356591, at * 3 (S.D. Ga. Dec. 13, 2022), adopted by, 2022 WL 213909 (S.D. Ga. Jan. 17, 2023). "Even if a futility exception existed," Riley fails to show

---

[6] The Court rejects Riley's assertion that he exhausted his administrative remedies because the BOP did not respond to his request within 30 days. Doc. 15 at 1. The evidence before the Court reveals that the Warden denied Riley's BP-9 on April 16, 2025, the 30th day after Riley submitted his request. Doc. 12-1 at 62. And even if Riley's assertion were valid, he should have treated the lack of response as a rejection of his request and filed a BP-10. 28 C.F.R. § 542.18. Riley failed to do so. And he failed to file a BP-11.

"any extraordinary circumstances warranting application" of the exception.  Penalosa v. Stone, CV 322-041, 2022 WL 11456512, at *3 (S.D. Ga. Sept. 22, 2022) (citing Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994)).

Respondent sufficiently demonstrates Riley did not exhaust available administrative remedies for his claims.  In addition, it appears that the claim Riley advances—that the BOP should calculate his release date again—is an issue the BOP could remedy.  Consequently, the Court should **GRANT** this portion of Respondent's Motion and **DISMISS without prejudice** Riley's Petition based on his failure to exhaust his available administrative remedies prior to the filing of his § 2241 Petition.  It is unnecessary to address the remaining ground of Respondent's Motion.  Holdago v. United States, Civil Action No.: 5:19-cv-9, 2019 WL 5681217, at *3 (S.D. Ga. Oct. 31, 2019) (finding it unnecessary to address alternative grounds in motion for dismissal where petitioner failed to exhaust his available administrative remedies), adopted by, 2019 WL 6353869 (S.D. Ga. Nov. 26, 2019).

## III.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Riley leave to appeal *in forma pauperis*.  Though Riley has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").  An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or

15

argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Riley's Petition and Respondent's Motion to Dismiss and Riley's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** in forma pauperis status on appeal.

### CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT in part** and **DENY in part** Respondent's Motion to Dismiss and **DISMISS without prejudice** Riley's Petition based on his failure to exhaust his administrative remedies. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Riley in forma pauperis status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions

16

on appeal by failing to file timely, written objections. <u>Harrigan</u>, 2020 WL 6039905, at \*4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 3rd day of March, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

17